UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC.<br><br>v.<br><br>PURDUE RESEARCH FOUNDATION | CASE NO. 1:22-CV-00006 |

**STMICROELECTRONICS, INC.'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA DIRECTED TO NON-PARTY PURDUE RESEARCH FOUNDATION**

# Index of Exhibits

| | |
|---|---|
| Exhibit A | Declaration of Justin S. Cohen |
| Exhibit A-1 | *Plaintiff's Complaint for Patent Infringement and Jury Demand;* C.A. No. 6:21-cv-00727-ADA; The Trustees of Purdue University v. STMicroelectronics, N.V., et. al.; In the United States District Court for the Western District of Texas; Waco Division |
| Exhibit A-2 | *STMicroelectronics, Inc.'s Answer to The Trustees of Purdue University's Complaint;* C.A. No. 6:21-cv-00727-ADA; The Trustees of Purdue University v. STMicroelectronics, N.V., et. al.; In the United States District Court for the Western District of Texas; Waco Division |
| Exhibit A-3 | E-mail chain dated January 12, 2022 between M. Shore and J. Cohen and others regarding licensing arm |
| Exhibit A-4 | Electronic Order dated November 22, 2021 opening non-party discovery |
| Exhibit A-5 | E-mail dated December 9, 2021 from M. Ciccarelli to S. Joyner and others advising of intent to serve non-party subpoenas |
| Exhibit A-6 | December 16, 2021 Subpoena Duces Tecum to Purdue Research Foundation |
| Exhibit A-7 | January 4, 2022 Return of Service Affidavit for Purdue Research Foundation |
| Exhibit A-8 | Purdue Research Foundation's Objections to Subpoena for Testimony and Documents dated December 30, 2021 |
| Exhibit A-9 | E-mail chain dated January 14, 2022 between M. Shore and J. Cohen and others regarding meet and confer |
| Exhibit B | Purdue Research Foundation "About" page - https://www.prf.org/about/index.html |
| Exhibit C | *Purdue Research Foundation Corporate Disclosure Statement;* C.A. No. 4:11-cv-00061; Purdue Research Foundation v. Morrison & Foerster LLP; In the United States District Court, Northern District of Indiana, Lafayette Division |

STMicroelectronics, Inc. ("ST") respectfully files this motion ("the Motion") to compel the production of documents and information by non-party Purdue Research Foundation ("PRF") in response to the subpoena directed to PRF dated December 16, 2021 (the "Subpoena") in the underlying patent infringement action pending in the Western District of Texas, *The Trustees of Purdue University v. STMicroelectronics N.V., et al.*, No.: 6:21-cv-00727-ADA (W.D. Tex.).[1]

## I.   INTRODUCTION

In July of 2021, The Trustees of Purdue University ("Purdue") sued ST for allegedly infringing two patents. Ex. A-1, Compl. PRF filed and prosecuted the applications leading to the two patents asserted against ST, owned the patents until June of 2021, and likely negotiated with third parties for actual and potential licenses. Ex. A-1, Cohen Decl. at 7-8. In June of 2021—just weeks before the lawsuit was filed—PRF transferred these patents to Purdue, who then sued ST for patent infringement several weeks later. *Id.* at 7-8.

The court in the underlying action normally stays discovery until later in the case. Ex. A, Cohen Decl.  However, at Purdue's request, the underlying court opened third-party discovery on November 22, 2021. Ex. A-4, Cohen Decl.  On December 8, Purdue also asked the underlying court to open party discovery as well, which the court refused to do. Ex. A, Cohen Decl. So the court opened third-party discovery at Purdue's request, but did not open party discovery in the underlying action. Ex. A, Cohen Decl.

Via the subpoena at issue here, ST seeks documents and information from third-party PRF regarding several categories of relevant information regarding the case. Unfortunately, PRF has thus far refused to cooperate or produce documents, insisting that ST must obtain this information

---

[1] ST files this Motion before this Court in accordance with Federal Rules of Civil Procedure 37(a)(2) and 45(d)(2)(B)(i).

from Purdue or other third parties instead. PRF has not only refused to produce documents, but has also refused to engage in the meet-and-confer process, thus forcing ST to file this motion to compel.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit (*The Trustees of Purdue University v. STMicroelectronics N.V., et al.* No.: 6:21-cv-00727-ADA (W.D. Tex.) is a patent infringement suit brought by Plaintiff Purdue against Defendant ST over U.S. Patent Nos. 7.498,633 and 8,035,112. Non-party PRF "is a private, nonprofit foundation created to advance the mission of Purdue University." Ex. B. Purdue has characterized PRF as its "licensing arm." *Id*. PRF filed the applications leading to these patents in 2005 and 2008, prosecuted the applications until each issued into a patent in 2009 and 2011, and owned the patents until 2021. Ex. A-1, Cohen Decl. In June of 2021—just weeks before Purdue sued ST—PRF transferred these patents to Purdue. *Id.* Given PRF's ownership of these patents until June 2021, ST presumes that PRF also handled the government grants that funded the research that led to these patents, and also managed the actual and attempted licensing of the technology at issue. Ex. A, Cohen Decl. Accordingly, PRF has a significant amount of relevant information regarding both the technical and non-technical issues regarding the patent infringement claims and defenses in this case.

Because the underlying court opened third-party discovery, on November 22, ST served the third-party subpoena at issue here. Ex. A-6, Cohen Decl. On December 30, PRF served only objections to the subpoena. Ex. A-8, Cohen Decl. On January 12, 2022, ST asked PRF to begin the meet-and-confer process to discuss PRF's objections to this subpoena. Ex. A-9, Cohen Decl. However, counsel for PRF (who also represents plaintiff Purdue) refused to conference on PRF's objections, insisting that all discovery in the underlying case must be opened first. *Id.* Specifically,

PRF's counsel stated that "there will be no conference on the subpoenas . . . [t]he issue on the subpoenas should be tabled until the Court decides on opening [party] discovery." Ex. A-9 at 1.

On Purdue's request, **third-party discovery is open**. However, counsel for PRF and Purdue refuse to provide any third-party discovery unless party discovery is also opened early—a position that is unjustified, directly conflicts with the underlying court's order, and appears intended merely to delay the production of relevant information from PRF. In fact, Purdue has already asked the court in the underlying action to open party discovery early—a request that the underlying court denied. So Purdue's counsel is now blocking permissible third-party discovery (which Purdue itself sought to open early) to improperly leverage ST into agreeing to open party discovery. PRF's refusal to produce relevant information is simply improper gamesmanship.

By this motion, ST seeks an order compelling PRF to produce several categories of documents and information that are highly relevant to the claims and defenses at issue in the underlying patent infringement case, including whether the patents are valid, the licensing discussions with others, attempts to commercialize the technology at issue, and PRF's licenses for these patents. PRF's refusal to produce such information is improper and unjustified. Accordingly, PRF should be compelled to comply with ST's subpoena.

The table below summarizes the key dates:

| Date | Description |
|---|---|
| October 18, 2021 | Purdue asks underlying court to open third-party discovery |
| November 22, 2021 | Underlying court opens third-party discovery |
| December 8, 2021 | Purdue asks underlying court to open party discovery |
| December 9, 2021 | ST notifies Purdue that it intends to subpoena third-party PRF |

| December 10, 2021 | Underlying court denies request to open party discovery, and keeps third-party discovery open |
|---|---|
| December 16, 2021 | ST subpoenas PRF |
| December 30, 2021 | PRF serves objections (refusing to produce anything unless party discovery is opened) |
| January 12-14, 2022 | PRF refuses to meet and confer |

Ex. A-9, Cohen Decl.

### III.   ARGUMENT

**A.  Legal Standard**

The documents sought by ST are relevant and proportional to the needs of the case. Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The rule provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 establishes, *inter alia*, nonparties' duties to respond to subpoenas. Rule 45(a)(D) directs that a "command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials."

In considering the scope of discovery, "[r]elevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Crespo v. Nat'l R.R. Passenger Corp.*, 2:19-CV-275-JTM-JEM, 2021 WL 1291769, at *1 (N.D. Ind. Apr. 7, 2021). Furthermore, as the entity resisting discovery, PRF bears the burden to establish that the requested discovery is improper. *Barker v. Kapsch Trafficcom USA, Inc.*, 119CV00987TWPMJD, 2020 WL 3618945, at *1 (S.D. Ind. July 1, 2020).

**B. ST has attempted to resolve these issues, but PRF has refused to meet and confer in good faith.[2]**

As described above, and in accordance with Local Rule 37-1, ST has endeavored to resolve the disputes presented in this Motion. Specifically, on December 9, 2021, ST informed Purdue—who is represented by the same counsel that represents PRF—that it intended to serve a subpoena on third-party PRF. Ex. A-5, Cohen Decl. Purdue did not respond to that email, and thus raised no objection. On December 16, ST served the subpoena on PRF. On December 30, PRF served objections to the subpoena.

On January 12, 2022—almost two weeks after PRF served its objections to the subpoena, ST asked PRF to begin the meet-and-confer process. Ex. A-9, Cohen Decl. Despite back-and-forth emails regarding the request to meet and confer, counsel for PRF refused to conference on its objections. Specifically, PRF's counsel stated that "**there will be no conference on the subpoenas**." Ex. A-9, Cohen Decl. (emphasis added). Instead counsel for PRF—which is the same counsel for Purdue in the underlying litigation—is attempting to leverage conferring on PRF's objections to the subpoena to strong-arm ST into agreeing to an issue that **the underlying court has already decided against Purdue**—namely, opening discovery from parties. This Court should not countenance such gamesmanship.

**C. ST's requests seek relevant information.**

The following provides examples of the types of documents ST is seeking to compel PRF to produce via the Subpoena:

- PRF's policies and procedures for handling and licensing IP (e.g., RFP Nos. 1-3);

---

[2] *See* Southern Dist. Ind. Local R. 37-1(b).

SUBPOENA DIRECTED TO NON-PARTY PURDUE RESEARCH FOUNDATION**                                                                                                         **PAGE 5**

- PRF's documents and communications regarding the development of the alleged inventions leading to the patents-in-suit (e.g., RFP Nos. 5-11);

- PRF's research grants and government licenses for the patents-in-suit (e.g., RFP Nos. 12-16, 24);

- Prior art regarding the alleged inventions (e.g., RFP Nos. 17-20, 41, 43, and 44);

- PRF's ownership and assignment of the patents-in-suit (e.g. RFP Nos. 22, 23, and 34); and

- Attempts to commercialize the alleged inventions (e.g., RFP Nos. 29-31, 38, 39, 40, and 42).

ST's requests are tailored to seek relevant information that is tied to the claims and defenses at issue in the lawsuit and are well within the broad scope of Rule 26(b). Purdue is suing ST for infringing the two patents-in-suit. Ex. A-1, Cohen Decl. PRF appears to be the party that was responsible for handling the research, grants, licensing, and development of the patents-in-suit. *Id.* PRF was responsible for preparing and filing the applications leading to the patents-in-suit back in 2005 and 2008. *Id.* PRF also handled prosecuting the patent applications until the patents-in-suit issued in 2009 and 2011. *Id.* Finally, PRF appears to have worked with various government agencies to obtain research grants to fund the inventors' research, and PRF appears to have negotiated the licenses to the patents-in-suit. Ex. B.

PRF's documents regarding these activities are relevant to Purdue's claims for infringement, ST's defenses of invalidity, and the issues relating to damages. For example, documents regarding the inventors' original research, attempts to make a prototype, and the documents and papers that they had when the applications were filed are all relevant to whether

the patents are valid. PRF's actual licenses and attempts to license the alleged inventions are relevant to damages, ST's licensing defense, and to whether Purdue has standing.

Simply put, there is no serious debate that the information sought is relevant. *Estate of Daniels by Stover v. City of Indianapolis*, 120CV02280JRSMJD, 2021 WL 4844145, at *3 (S.D. Ind. Oct. 18, 2021) ("[E]stablishing relevancy is not a high bar.").

### D.  PRF's objections to discovery are without merit.

As an initial matter, third-party discovery is open, so PRF must produce documents. PRF has improperly refused to produce any documents unless **party** discovery is opened. Ex. A-9, Cohen Decl. It was Purdue that sought to have third-party discovery open in the underlying case, which the court granted. It was Purdue that subsequently asked the underlying court to open party discovery, which that Court denied.

Whether party discovery is open in the underlying case is irrelevant. PRF is a third party, and the underlying court has opened third-party discovery. PRF is a separate entity from plaintiff Purdue. PRF transferred the patents to Purdue, and it did not join the lawsuit. Ex. A-1, Cohen Decl. Notably, PRF's counsel tacitly admitted that its objections are without merits. PRF's counsel stated that if the court in the underlying case opens party discovery, then "most [of PRF's] objections become moot." Ex. A-9. Frankly, there is no legitimate basis for PRF to resist proper third-party discovery on the basis that party discovery is not yet open. PRF's counsel is merely refusing to provide third-party discovery in order to extract something else from defendant ST— an agreement to open party discovery. Notably, Purdue already asked the court in the underlying case to open party discovery early, a request that the court denied. Ex. A, Cohen Decl. at 3.

The Court should overrule PRF's remaining objections.  PRF provided mostly boilerplate objections. But "[o]bjections to a discovery request that recite boilerplate language without explanation do not meet an objecting party's burden, and courts within the Seventh Circuit

consistently overrule them or entirely disregard such objections*." Crespo*, 2021 WL 1291769, at *2 (cleaned up); *see Midkiff v. Navient Sols., Inc*., 120CV01962TWPMJD, 2021 WL 3810356, at *2 (S.D. Ind. Aug. 26, 2021) ("[W]hen the objecting party raises nonspecific, boilerplate objections without clearly explaining how the request is objectionable, courts should overrule the objections in favor of broad discovery, pursuant to the federal rules."); *Avante Int'l. Tech., Inc. v. Hart Intercivic, Inc*., CIV. 07-169-DRH, 2008 WL 2074093, at *3 (S.D. Ill. May 14, 2008) ("These general objections are so general that they preserve nothing for review."). Because PRF's objections do not meet its burden, this Court should overrule them.

E. **The Court should award ST the attorneys' fees it incurred in bringing this Motion.**

Where a court grants a motion to compel, the Rules provide it must award fees unless, *inter alia*, the refusal to produce documents was "substantially justified" or such an award would be "unjust." Fed. R. Civ. P. 37(a)(5). "[T]he burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *See Walton v. First Merchants Bank*, 117CV01888JMSMPB, 2019 WL 11687713, at *1 (S.D. Ind. Feb. 5, 2019).

PRF cannot meet its burden to show that any of the exceptions to this mandatory fee award applies here. In fact, an award of fees is especially warranted here given PRF's refusal to meet and confer and blatant attempt to use the discovery process as leverage against ST.

Accordingly, the Court should award ST the attorneys' fees that it incurred in bringing this Motion. ST can submit an itemization of its fees and costs—along with an explanation as to why those fees and costs are reasonable—within 14 days of this Court's order.

IV. **CONCLUSION**

For the reasons set forth herein, the ST respectfully requests that this Court enter an order compelling PRF to produce the documents requested in the subpoena and award ST its attorneys' fees and costs.

Dated: January 19, 2022                                   Respectfully submitted:

By: */s/ Justin S. Cohen*
**Justin S. Cohen**
  Texas Bar No. 24078356
  Justin.Cohen@hklaw.com

**HOLLAND & KNIGHT LLP**
  One Arts Plaza
  1722 Routh St., Suite 1500
  Dallas, Texas 75201
  214.969.1700

**ATTORNEY FOR MOVANT STMICROELECTRONICS, INC.**

### Certificate of Conference

I certify that on January 12, 2022, I emailed counsel for PRF and asked to meet-and-confer regarding the status of their document production and in response to the ST's subpoena and to discuss their objections to the subpoena. PRF's counsel, Michael Shore, who is also lead counsel for the plaintiff Purdue in the underlying case, refused to conference or agree to produce documents. As documented in the motion and accompanying declaration, I had several email exchanges with Mr. Shore on January 12, 13, and 14. Mr. Shore, on behalf of PRF, consistently refused to conference or produce documents in response to ST's subpoena unless ST agreed to open party discovery in the underlying case. Since PRF refused to conference on ST's subpoena or agree to produce responsive documents, ST was left with no other choice but to file the present motion to compel.

                                            */s/ Justin S. Cohen*
                                            Justin S. Cohen