# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC.<br><br>v.<br><br>PURDUE RESEARCH FOUNDATION | CASE NO. 1:22-CV-00006 |

### DECLARATION OF JUSTIN S. COHEN

I, Justin S. Cohen, declare as follows:

1. I am a partner with Holland & Knight LLP and counsel for STMicroelectronics, Inc. ("ST") in the underlying patent infringement action pending in the Western District of Texas, *The Trustees of Purdue University v. STMicroelectronics N.V., et al.*, No.: 6:21-cv-00727-ADA (W.D. Tex.). I am over the age of 21, of sound mind, and I am competent and legally capable of making this declaration. The facts stated herein are true and correct and are based on my personal knowledge.

2. In July of 2021, The Trustees of Purdue University ("Purdue") sued ST for allegedly infringing two patents, namely U.S. Patent Nos. 7,498,633 and 8,035,112. Ex. A-1, Original Complaint [ECF No. 1].

3. On October 11, 2021, ST filed its answer to Purdue's Complaint, Ex. A-2, [ECF No. 21], where ST denied infringing the patents, counterclaimed that the patents were invalid and not infringed, and also raised the following defenses:

   a. the patents are invalid based on prior art;

   b. the patents are invalid based on inequitable conduct;

      c. that Purdue's damages, if any, would be limited by existing licenses or patent exhaustion;

      d. that Purdue's damages, if any, would be limited by the patent owner's or licensee's failure to mark patented products; and

      e. that Purdue lacks standing to bring the lawsuit.

4. The two patents asserted by Purdue against ST are U.S. Patent Nos. 7.498,633 ("the '633 Patent") and 8,035,112 ("the '112 Patent"). The application leading to the '633 Patent was filed in 2006 by Purdue Research Foundation ("PRF"), and the application leading to the '112 Patent was filed in 2009 by PRF.

5. The inventors assigned all of their rights in the applications to PRF. Based on those assignments, both patents were owned by PRF upon issuance, as seen on the face of each patent.

6. On June 21, 2021, PRF assigned the patents to Purdue.

7. On July 14, 2021, Purdue sued ST for infringing the '633 and '112 Patents.

8. According to its website "[t]he Purdue Research Foundation is a private, nonprofit foundation."[1]

9. Given PRF's ownership of these patents until June 2021, ST presumes that PRF also handled the government grants that funded the research that led to these patents, and also managed the actual and attempted licensing of the technology at issue.

10. In an email dated January 12, 2022, counsel for Purdue and PRF characterized PRF as "Purdue's . . . licensing arm." Ex. A-3.

---

[1] https://www.prf.org/about/index.html

11. The Waco Division of the Western District of Texas has a Standing Order Governing Proceedings – Patent Cases that applies to the underlying case.[2] The order states that "[e]xcept with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing." Based on that order, discovery is essentially stayed until later in patent cases.

12. On October 18, 2021, Purdue asked the court in the underlying action to open third-party discovery early as stated in the Parties' Case Readiness Status Report [ECF No. 25].

13. On November 22, 201, in an email from the court's law clerk, the Parties were notified that the court in the underlying granted Purdue's request to open third-party discovery early. Ex. A-4.

14. On December 8, 2021, via an email to the underlying court, Purdue asked the court to open party discovery early.

15. On December 9, 2021, in an email from counsel for ST to counsel for Purdue, ST notified Purdue that it intended to serve subpoenas on third-parties, namely PRF, Barnes & Thornburg, William F. Bahret, and the inventors of the two patents, Drs. James A. Cooper and Asmita Saha. Ex. A-5.

16. On December 10, 2021, in an email from the court's law clerk, the court in the underlying action denied Purdue's request to open party discovery.

17. On December 16, 2021, ST served a subpoena on PRF. Ex. A-6.

18. Ex. A-7 is the proof of service.

---

[2] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Standing%20Order%20Governing%20Proceedings%20in%20Patent%20Cases%20111721%20copy%201.pdf

3

19. On December 30, 2021, counsel for PRF served objections to ST's subpoena. Ex. A-8.

20. The law firm of Shore Chan LLP is counsel for Purdue in the underlying action and counsel for PRF regarding ST's subpoena.

21. On January 12, 2022, I emailed counsel for PRF and asked to begin the meet-and-confer process to discuss PRF's objections to the subpoena. Ex. A-9 is the email chain between myself and Michael Shore, counsel for PRF and lead counsel for Purdue in the underlying case.

22. On January 12, 2022, PRF rejected my request to meet-and-confer on PRF's objections to ST's subpoena, stating that "we need to conference about Purdue's upcoming request that the Court open discovery completely, or shut down ST's efforts to essentially seek discovery through Purdue's professors, employees and licensing arm." Ex. A-9.

23. On January 13, 2022, PRF reiterated its rejection of my request to meet-and-confer, stating that "[t]here will be no conference on the subpoenas without a conference on opening discovery generally." Ex. A-9.

24. On January 13, I again asked counsel for PRF for dates and times for a meet-and-confer. And again, PRF rejected the request and demanded a conference on Purdue's request to open party discovery in the underlying case. Ex. A-9.

25. On January 14, 2022, I again asked counsel for PRF for dates and times for a meet-and-confer. And again, PRF rejected the request for a meet-and-confer. Counsel for PRF stated that "[t]he issue on the subpoenas should be tabled until the Court decides on opening [party] discovery. If [the court] opens [party discovery], most [of PRF's] objections [to the subpoena] become moot." Ex. A-9 at 1.

26. The following table summarizes the relevant events and communications regarding ST's subpoena to PRF:

| Date | Description |
|---|---|
| October 18, 2021 | Purdue asks underlying court to open third-party discovery |
| November 22, 2021 | Underlying court opens third-party discovery |
| December 8, 2021 | Purdue asks underlying court to open party discovery |
| December 9, 2021 | ST notifies Purdue that it intends to subpoena third-party PRF |
| December 10, 2021 | Underlying court denies request to open party discovery, and keeps third-party discovery open |
| December 16, 2021 | ST subpoenas PRF |
| December 30, 2021 | PRF serves objections (refusing to produce anything unless party discovery is opened) |
| January 12-14, 2022 | PRF refuses to meet and confer |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 19, 2022 in Dallas, Texas.

/s/ *Justin S. Cohen*
Justin S. Cohen

5