# Exhibit A-6

Adapted from AO 88A and AO 88B (Rev. 02/14) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br>    *Plaintiff,*<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., AND STMICROELECTRONICS, INC.,<br>    *Defendants.* | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## AND TO PRODUCE DOCUMENTS

To:   Purdue Research Foundation, Kurz Purdue Technology Center, by and through its registered agent, Scott Seidle, 1281 Win Hentschel Blvd., Suite, 2500, West Lafayette, IN 47906.

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attached Exhibit B.

| Place: Remote deposition by Planet Depos | Date and Time: January 26, 2022 at 9:00 a.m. (EST) or another mutually agreeable time and date |
|---|---|

The deposition will be recorded by this method: <u>Audio, Video, and Stenographic</u>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place:   Veritext, 111 Monument Circle, Suite 4350, Indianapolis, IN 46204 | Date and Time:   January 10, 2022 at 5:00 p.m. (EST) or another mutually agreeable time and date |
|---|---|

   The provisions of Fed. R. Civ. P. 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  December 16, 2021
      *CLERK OF COURT*

                                    OR

_____          */s/ Justin S. Cohen*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) STMicroelectronics, Inc., who issues or requests this subpoena, is:   Justin S. Cohen, Holland & Knight, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201, (214) 969-1211, Justin.Cohen@hklaw.com

Adapted from AO 88A and AO 88B (Rev. 02/14) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 6:21-cv-00727-ADA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (*name of individual and title, if any*) _____

on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ , or

☐ I returned the subpoena unexecuted because _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena*.
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection*.
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Contempt**. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff" or "Purdue" refers to Plaintiff The Trustees of Purdue University and its officers, employees, agents, consultants, representatives, predecessors, successors, assigns, and any other persons acting on behalf of Purdue.

2. "Defendants" or "ST" refers to STMicroelectronics, Inc., STMicroelectronics N.V., and STMicroelectronics International N.V.

3. "Lawsuit" or "Litigation" refer to the above-captioned case, *The Trustees of Purdue University v. v. STMicroelectronics, Inc., et al.*, Case No. 6:21-cv-727 (W.D. Tex.).

4. "Asserted Patents" or "Patents-in-Suit" refers to the patents asserted in Plaintiff's Complaint for Patent Infringement Against ST and any amended complaint filed in this Lawsuit, including U.S. Patent Nos. 7,498,633 ("the '633 Patent") and 8,035,112 ("the '112 Patent").

5. "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Asserted Patent, including patents or patent applications: (a) from or through which any Asserted Patent directly or indirectly claims priority; (b) that claim priority to any Asserted Patent; or (c) that are otherwise identified in any Asserted Patent as related to that patent.

6. "Prior Art" means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

7. "Named Inventor" means any inventor or combination of inventors listed on the face of the Asserted Patents, namely Dr. James A. Cooper and Asmita Saha.

8. "You" and "PRF" refer to the Purdue Research Foundation and its officers, employees, agents, consultants, representatives, predecessors, successors, assigns, and any other persons acting on behalf of PRF.

9. "Communication" refers to any transmission, exchange or transfer of information, including without limitation, meetings, telephone conversations, emails, correspondence, memoranda, contracts, agreements, and verbal actions intended to or actually conveying information or data.

10. "Document" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

11. Requests for production should be read so as to encompass any and all items responsive to the request. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

12. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody or control of your affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

13. In responding to these requests, include documents obtained on your behalf by your counsel, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such documents. If your response is that documents are not under your control, identify who has control and the location of the documents.

14. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

15. All documents are to be produced as they are ordinarily kept including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

16. Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format.

17. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

18. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    (a) the ground of privilege or protection claimed;

    (b) every basis for the privilege or protection claimed;

  (c) the type of document;

  (d) its general subject matter;

  (e) the document's date; and

  (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5), the court's local rules, and the judge's individual practice rules.

19. If you object to any document request on any ground other than privilege, you must specify:

  (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

  (b) whether any responsive materials are being withheld on the basis of an objection.

20. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

21. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

  (a) identifying the document;

  (b) describing where the document is now;

(c) identifying who has control of the document;

(d) describing how the document became lost or destroyed or was transferred; and

(e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Documents sufficient to show Your relationship with Purdue.

**REQUEST NO. 2:** Documents regarding Your policies and procedures regarding intellectual property from 2000 to the present.

**REQUEST NO. 3:** Documents sufficient to show Your policies, procedures, and strategies for selling, licensing, and transferring intellectual property from 2000 to the present.

**REQUEST NO. 4:** Documents sufficient to show Your sources of government funding from 2003 to present.

**REQUEST NO. 5:** All Documents and Communications relating to each Asserted Patent or any Related Patent, including drafts of each provisional and non-provisional application leading to each the Asserted Patent, and all documents that reference or discuss each Asserted Patent or any Related Patent.

**REQUEST NO. 6:** For each Asserted Patent, all Documents and Communications relating to the conception, reduction to practice, development, or testing of any subject matter claimed in that patent, including, but not limited to, engineering and laboratory notebooks, invention disclosure forms, correspondence, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, process flows, diagrams, computer records, diaries, calendars, test results, invention disclosure forms, or other files.

**REQUEST NO. 7:** All Communications sent by or received by Dr. James Cooper discussing, relating to, or concerning the Asserted Patents or subject matter relating to the inventions claimed by the Asserted Patents from 2000 to Present.

**REQUEST NO. 8:** All Communications sent by or received by Asmita Saha discussing, relating to, or concerning the Asserted Patents or subject matter relating to the inventions claimed by the Asserted Patents from 2000 to Present.

**REQUEST NO. 9:** All Communications sent by or received by Dr. Brooke Beier discussing, relating to, or concerning the Asserted Patents or subject matter relating to the inventions claimed by the Asserted Patents from 2000 to Present.

**REQUEST NO. 10:** For each Asserted Patent, all invention disclosures or other documents relating to the decision to seek patent protection for any subject matter claimed in that patent.

**REQUEST NO. 11:** All documents and correspondence relating to the Invention Record and Disclosure Form with a Disclosure Title of "Optimized Vertical Power DMOSFETs in Silicon Carbide," including the one dated December 19, 2004, which includes the reference number 64281.

**REQUEST NO. 12:** All documents and correspondence regarding all sources of funding for the research leading to the Asserted Patents, including, but not limited to, all agreements, proposals, reports, design reviews, drawings, schematics, process flows, test procedures, test results, and other records.

**REQUEST NO. 13:** All Documents relating to DARPA/MTO Grant No. N00014-02-1-0628, including but not limited to:

    a. agreements and/or contracts with DARPA/MTO relating to Grant No. N00014-02-1-0628;

   b. equests for proposals (RFPs), responses to any RFPs, or proposals relating to Grant No. N00014-02-1-0628;

   c. policies set forth by DARPA/MTO to be followed for work or research performed under Grant No. N00014-02-1-0628;

   d. all reviews, presentations, and status updates by You or Purdue to DARPA, MTO, or anyone else, pursuant to or related to Grant No. N00014-02-1-0628;

   e. all Communications with DARPA, MTO, or anyone else, pursuant to or related to Grant No. N00014-02-1-0628;

   f. all invention disclosure documentation under DARPA/MTO Grant No. N00014-02-1-0628; and

   g. all documents relating to the fulfillment or non-fulfillment of any terms of Contract/Grant No. N00014-02-1-0628.

**REQUEST NO. 14:** All Documents relating to Contract/Grant No. W56HZV-06-0228 awarded by the U.S. Army TACOM LCMC, including but not limited to:

   a. agreements and/or contracts with US ARMY relating to Contract/Grant No. W56HZV-06-0228;

   b. requests for proposals (RFPs), responses to any RFPs, or proposals relating to Contract/Grant No. W56HZV-06-0228; a

   c. all policies set forth by US Army to be followed for work or research performed under Contract/Grant No. W56HZV-06-0228;

   d. all reviews and presentations to US Army, or any other government entity, pursuant to or for Contract/Grant No. W56HZV-06-0228;

    e. all Communications with the US Army, or anyone else, pursuant to or for Contract/Grant No. W56HZV-06-0228;

    f. all invention disclosure documentation under Contract/Grant No. W56HZV-06-0228; and

    g. all documents relating to the fulfillment or non-fulfillment of any terms of Contract/Grant No. W56HZV-06-0228.

**REQUEST NO. 15:** All Documents relating to Contract/Grant No. N00014-05-1-0437 awarded by DARPA, including but not limited to:

    a. agreements and/or contracts with DARPA relating to Grant No. N00014-05-1-0437;

    b. requests for proposals (RFPs), responses to any RFPs, or proposals relating to Grant No. N00014-05-1-0437;

    c. all policies set forth by DARPA to be followed for work or research performed under Contract/Grant No. N00014-05-1-0437;

    d. all reviews and presentations by You or Purdue to DARPA, MTO, or any other government entity;

    e. all with DARPA, MTO, or anyone else relating to Contract/Grant No. N00014-05-1-0437;

    f. all invention disclosure documentation under Contract/Grant No. N00014-05-1-0437; and

    g. all documents relating to the fulfillment or non-fulfillment of any terms of Contract/Grant No. N00014-05-1-0437.

**REQUEST NO. 16:**  All Documents relating to funding of research by Dr. James Cooper and/or Asmita Saha related to the technology that is the subject matter of the Asserted Patents, including but not limited to, sources of funding of Dr. Cooper's research, sources of funding of Asmita Saha's research, and funds awarded to support Dr. Cooper's or Asmita Saha's research, including monies awarded by any government or state entity, public or privately owned entity, or any individual person.

**REQUEST NO. 17:**  For each Asserted Patent, all documents relating to the circumstances surrounding the decision to develop any subject matter claimed in that patent, including, but not limited to documents relating to the problems addressed and any alternative solutions, the state of the technology at the time, prior art searching, and the time, money, and effort involved in development.

**REQUEST NO. 18:**  For each Asserted Patent, all documents relating to the preparation, filing, or prosecution of any application in connection with that patent or any Related Patent, including all drafts and drawings, all prior art searching, and all correspondence with any prosecuting attorney or other individual named as an inventor on that patent or any individual associated with the filing and prosecution of a patent application.

**REQUEST NO. 19:**  For each Asserted Patent, all documents relating to any Prior Art searches, Prior Art collected, identified, or considered in connection with that patent by you or anyone else involved in the preparation, filing, or prosecution of any application that led to that patent, including documents relating to the circumstances through which the Prior Art was identified.

**REQUEST NO. 20:**  For each Asserted Patent, all documents relating to any written description, communication, or drawing of any subject matter claimed in that patent that was made or prepared before the patent application was filed.

**REQUEST NO. 21:** For each Asserted Patent, all documents relating to the identification, selection, or determination of who to name as an inventor.

**REQUEST NO. 22:** All documents and correspondence relating to the assignment of, ownership of, licenses to, or other rights in or to each Asserted Patent or Related Patent.

**REQUEST NO. 23:** All documents and correspondence regarding the assignment of rights in the Asserted Patents from the Named Inventors to You.

**REQUEST NO. 24:** All documents and correspondence regarding a license, right to use, or any other rights to the Asserted Patents held by the U.S. or any department, agency or branch of the U.S. (including, but not limited to, the US ARMY, DARPA, MTO).

**REQUEST NO. 25:** For each Asserted Patent, all documents relating to any sale, offer to sell, manufacture, use, or importation of any subject matter claimed in that patent that was made or prepared before the patent application was filed.

**REQUEST NO. 26:** For each Asserted Patent, all documents relating to any technical or scientific writings or speeches related to any subject matter claimed in that patent, whether published or not.

**REQUEST NO. 27:** All employment or other contractual agreements between You and the Named Inventors.

**REQUEST NO. 28:** Any agreements or other documents relating to the subject matter or outcome of the Lawsuit, including agreements reflecting any financial or other compensation or interest to be received directly or indirectly by You.

**REQUEST NO. 29:** All Documents and Communications related to any investigation into whether any of Defendants' products potentially infringe any of the Asserted Patents.

**REQUEST NO. 30:** All Documents and Communications related to the Lawsuit.

**REQUEST NO. 31:** All Communications between You and Purdue or any attorney representing Purdue regarding the Asserted Patents or the Lawsuit.

**REQUEST NO. 32:** All Communications between You and any person acting on behalf of the Shore Chan law firm.

**REQUEST NO. 33:** All Documents and Communications related to the licensing of semiconductor technology, including licensing of the Asserted Patents and Related Patents.

**REQUEST NO. 34:** All Documents and Communications related to the transfer of the Asserted Patents from You to Purdue, including any memos, meeting minutes, reports, or correspondence regarding the decision to transfer the Asserted Patents from You to Purdue.

**REQUEST NO. 35:** All Correspondence involving Kenneth J. Waite regarding the Asserted Patents, the Lawsuit, Defendants, and the assignment of the Asserted Patents from You to Plaintiff.

**REQUEST NO. 36:** All Documents that attempt to analyze the Asserted Patents, the subject matter claimed by the Asserted Patents, the market for the inventions claimed in the Asserted Patents, potential licensing strategies for the Asserted Patents, the identification of potential infringers of the Asserted Patents, or potential licensees of the Asserted Patents.

**REQUEST NO. 37:** Documents and Communications relating to the funding of the Lawsuit, including documents regarding whether Indiana taxpayers provide monies used to fund such litigation.

**REQUEST NO. 38:** All Documents and Communications related to the attempted commercial use of the technology described in the Asserted Patents and the Related Patents.

**REQUEST NO. 39:** All Documents and Communications regarding discussions with Cree, Inc. Northrup-Grumman, Rockwell, General Electric, and any other company about the inventions

claimed in the Asserted Patents, as well as all communications about potentially developing products based on the alleged inventions.

**REQUEST NO. 40:**  All Documents and Communications regarding any prototype devices utilizing the claimed inventions of the Asserted Patents, including all process flows, GDS data, fabrication plans, demonstration devices, and reports regarding the same.

**REQUEST NO. 41:**  All drafts, communications, studies, and data relating to the PhD thesis proposal of Asmita Saha.

**REQUEST NO. 42:**  All Communications between you and any third party regarding the Asserted Patents.

**REQUEST NO. 43:**  A colored copy of the Final Technical Report authored by Professor James A. Cooper, Jr. and titled "Development of SiC Power MOSFETs with Low On-Resistance for Military and Commercial Applications" and dated March 31, 2003.

**REQUEST NO. 44:**  All records of Professor James A. Cooper and Asmita Saha attending technical conferences related to semiconductor technology.

**REQUEST NO. 45:**  All records of Professor James A. Cooper and Asmita Saha receiving technical books, journals, or articles related to semiconductor technology.

**REQUEST NO. 46:**  All Documents and Communications related to any analysis of any of Defendants' Power MOSFET products from 2000 to the present.

**REQUEST NO. 47:**  All Documents and Communications related to any analysis of any of Cree's Power MOSFET products from 2000 to the present.

## E<small>XHIBIT</small> B

### T<small>OPICS FOR</small> E<small>XAMINATION</small>

**TOPIC NO. 1:** Your relationship with Purdue from 2000 to the present.

**TOPIC NO. 2:** Your relationship to Dr. James A. Cooper and Asmita Saha from 2000 to the present.

**TOPIC NO. 3:** Your intellectual property policies, procedures, and licensing strategies from 2000 to the present.

**TOPIC NO. 4:** All agreements, licenses, assignments, and other contracts relating to the Asserted Patents.

**TOPIC NO. 5:** The identity of each person or entity that has or had any interest (e.g., license, security interest, ownership, contingent-fee arrangement, expectation of a percentage of royalties, etc.) in the Asserted Patent, as well as the scope of each person's or entity's interest.

**TOPIC NO. 6:** The research conducted by Dr. James A. Cooper and Asmita Saha from 2000-2008 leading to the Asserted Patents.

**TOPIC NO. 7:** All sources of funding for the research that led to the Asserted Patents.

**TOPIC NO. 8:** The terms of all agreements relating to the eventual transfer of the Asserted Patents from You to Purdue.

**TOPIC NO. 9:** Your relationship, if any, to the Litigation, including whether You expect to receive any funds derived from the Litigation or licensing the Asserted Patents.

**TOPIC NO. 10:** Your technical and financial evaluations of the Asserted Patents.

**TOPIC NO. 11:** Your attempts to commercialize the claimed inventions of the Asserted Patents, including all attempts to partner with governmental or commercial entities.

**TOPIC NO. 12:** Your plans and strategies to commercialize, license, sell, assert, or otherwise derive revenue from the Asserted Patents.

**TOPIC NO. 13:** The contents of any documents produced by You in response to this subpoena, including subject matter related to the contends of such documents.

**TOPIC NO. 14:** The authentication of any documents produced by You in response to this subpoena.