IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC., <br><br> v. <br><br> PURDUE RESEARCH FOUNDATION | Civil Action No. 1:22-mc-00006 |
| STMICROELECTRONICS, INC., <br><br> v. <br><br> BAHRET & ASSOCIATES LLC | Civil Action No. 1:22-mc-00007 |

## MOTION TO TRANSFER TO THE WESTERN DISTRICT OF TEXAS

Purdue Research Foundation ("PRF"), with the consent of Bahret & Associates LLC ("Bahret") move to transfer the respective above-captioned related ancillary cases (collectively the "Ancillary Cases"), pursuant to Federal Rule of Civil Procedure 45. PRF and Bahret request expedited consideration given the facts and circumstances outlined below.[1]

---

[1] PRF, with Bahret's consent, have filed a motion to consolidate the PRF and Bahret matters, respectively.

## I. BACKGROUND

The Trustees of Purdue University ("Purdue") and STMicroelectronics, Inc. ("ST-INC") are litigating an underlying patent-infringement case *The Trustees of Purdue v. STMicroelectronics N.V. et al.* (WDTX-6-21-cv-00727) (the "Texas Litigation") before the Issuing Court.[2] ST-INC is attempting to shift the control of fundamental, party discovery from the Issuing Court to this one, and in doing so is blatantly violating orders from the Issuing Court.

On October 8, 2021, presiding Judge Alan D. Albright issued a Standing Order Governing Proceedings in Patent Cases ("OGP"). WDTX-6:21-cv-00727 Dkt. 24. The OGP includes a provision limiting requests for electronically stored information, stating that Judge Albright "will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search". *Id*. at *2. The subpoenas at issue in the Ancillary Proceedings clearly violate the OGP, as they seek emails and other materials unavailable from the Issuing Court without going through the procedures prescribed for such discovery.

On November 22, 2021, the Issuing Court entered a Scheduling Order. WDTX-6:21-cv-00727 Dkt. 45. That Scheduling Order sets November 29, 2021, as the date when nonparty fact discovery opens, and April 26, 2022, as the date when party fact discovery opens. It is the position of Purdue that the PRF subpoena violates the spirit and letter of the Scheduling Order because PRF is the arm of the Purdue that oversees the university's intellectual property acquisition,

---

[2] The parties in the underlying case before the Issuing Court are Purdue, as plaintiff, and ST-INC, ST Microelectronics N.V. and ST Microelectronics International N.V., as defendants.

development, and commercialization. PRF is the entity controlling and directing the Texas Litigation.

ST-INC served a subpoena on PRF on December 16, 2021[3] ("PRF Subpoena"). ST-INC served another subpoena on Bahret, Purdue's prosecuting patent law firm for one of the patents-in-suit in the Texas Litigation, on December 20, 2021[4] ("Bahret Subpoena" and, together, "Subpoenas"). The PRF Subpoena contains 47 categories of requests for documents, including requests for all documents and communications (defined as comprising emails) with any third-party pertaining to the patents-in-suit and to the lawsuit. The Bahret Subpoena contains 15 categories of requests for document, including the above-mentioned requests for emails.

PRF responded with specific objections on December 30, 2021, and Bahret responded with similarly specific objections on January 3, 2022. Both sets of objections explained that: (1) the information sought could be requested from Purdue without burdening nonparties; (2) the requests for emails and other electronically stored information ran afoul of the OGP; and (3) each request in the Subpoenas was subject to multiple objections on the bases of relevance, vagueness, overbreadth, duplication, and privilege-invasion issues.[5]

After several exchanges between counsel regarding the propriety of the Subpoenas, ST-INC moved to compel compliance by filing these Ancillary Cases. ST-INC is seeking sanctions for PRF and Bahret in the form of attorneys' fees. The ST-INC Motions to Compel do not mention ST-INC's violations of the OGP or the Scheduling Order.

---

[3] *See*, Motion to Compel PRF, Exhibit A-8 (1:22-mc-00006 Dkt. 1, at *117-134).
[4] *See*, Motion to Compel Bahret, Exhibit A-9 (1:22-mc-00007 Dkt. 1, at *123-134)
[5] *See*, Motion to Compel PRF, Exhibit A-8 (1:22-mc-00006 Dkt. 1, at *138-178), and Motion to Compel Bahret, Exhibit A-9 (1:22-mc-00007 Dkt. 1, at *138-148).

After subsequent discussions between counsel, Purdue submitted, on January 27, 2022, a dispute chart to Judge Albright,[6] in accordance with the OGP, stating that Purdue has complete control and access to the information requested from PRF and Bahret. Purdue requested that Judge Albright treat PRF as part of, or in privity with, Purdue to remove it from nonparty discovery, or (in the alternative) immediately open party discovery.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 45(f), a court may transfer a motion to compel "to the issuing court if the person subject to the subpoena consents" *or* if there are "exceptional circumstances." Here, PRF and Bahret not only consent to transfer, but request it. The Advisory Committee Notes for Federal Rule of Civil Procedure 45(f) confirm that the purpose of the transfer provision is to protect nonparties served with a subpoena.

PRF's and Bahret's consent to the transfer makes consideration of whether exceptional circumstances are present in the Ancillary Cases unnecessary. Nevertheless, the factors that courts consider in determining whether exceptional circumstances exist favor transfer. Exceptional circumstances are often found where a transfer "would avoid disrupting the issuing court's management of the underlying litigation". *In re Motion to Quash Subpoena Issued to Non-Party JPMorgan Chase Bank, N.A.*, No. 117MC00069JMSTAB, 2017 WL 6623060, at *2 (S.D. Ind. Dec. 28, 2017). *See also*, *Id.* at *3. Here, ST-INC is seeking literally all of the discovery it would ever need in the Texas Litigation from closely related, commonly represented and affiliated entities. Ruling on the Motions to Compel would not just disrupt Judge Albright's control of discovery in the Texas Litigation, it would usurp completely. The transfer would avoid disruption of the Issuing Court's litigation management for at least three reasons.

---

[6] *See*, Exhibit A, Discovery Dispute Chart and January 27, 2022, Submission Email.

First, the Issuing Court will soon rule (unless ST-INC agrees to withdraw or abate its motions to compel in the Ancillary Cases), on whether its order permitting "nonparty discovery" allows ST-INC to seek discovery from nonparties commonly represented, controlled and closely affiliated with Purdue, such as PRF.[7] At Purdue's request, the Issuing Court may rule that discovery on PRF is closed until party discovery opens on April 26, 2022, pursuant to its Scheduling Order.[8]

Secondly, PRF and Bahret have objected to the Subpoenas' requests for document production as capable of being requested from Purdue without burdening them.[9] Purdue has made the same statement in the dispute submitted to the Issuing Court regarding discovery from Purdue-affiliated nonparties and further indicated that the discovery sought in ST-INC's motions to compel would obviate any need to seek party discovery from Purdue.[10] ST-INC's motions to compel therefore present issues regarding the scope of relevant discovery in the entire underlying case. Those issues are likely to be ruled on by the Issuing Court and could lead to conflicting decisions with this Court.

Thirdly, PRF and Bahret have also objected to the Subpoenas' requests for document production for failing to abide by the Issuing Court's OGP. The OGP requires a showing of good cause before a targeted search of emails can be requested.[11] ST-INC has not even attempted to do so, despite requesting wholescale production of emails by PRF and Bahret. In the absence of a transfer, Purdue would have to separately raise this contravention of the OGP with the Issuing

---

[7] *See*, Exhibit A, Discovery Dispute Chart and January 27, 2022, Submission Email.
[8] *See*, Exhibit A, Discovery Dispute Chart and January 27, 2022, Submission Email, and Scheduling Order (WDTX-6-21-cv-00727 Dkt. 45, at *3).
[9] *See*, Motion to Compel PRF, Exhibit A-8 (1:22-mc-00006 Dkt. 1, at *138, 139), and Motion to Compel Bahret, Exhibit A-9 (1:22-mc-00007 Dkt. 1, at *138, 139).
[10] *See*, Exhibit A, Discovery Dispute Chart and January 27, 2022, Submission Email.
[11] *See*, OGP (WDTX-6-21-cv-00727 Dkt. 24, at *2).

Court. Doing so would unnecessarily multiply proceedings and costs, and run the risk of conflicting decisions between this Court and the Issuing Court.

### III. CONCLUSION

For the foregoing reasons, PRF with Bahret's consent respectfully requests that the Court grant this request to transfer the Ancillary Cases to the Issuing Court, *i.e.*, the Western District of Texas, Waco Division.

Dated: January 27, 2022

Respectfully submitted,

*/s/ John R. Maley*
John R. Maley (Indiana Bar No. 14300-89)

John.Maley@btlaw.com
**BARNES & THORNBURG, LLP**
11 S. Meridian
Indianapolis, Indiana 46204
Telephone 317-231-7464

Mark D. Siegmund
Texas Bar No. 24117055
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Alfonso G. Chan (Texas 24012408)
Michael W. Shore (Texas 18294915)
Halima Shukri Ndai (Texas 24105486)
Raphael Chabaneix (Texas 24118352)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
achan@shorechan.com
mshore@shorechan.com
hndai@shorechan.com
rchabaneix@shorechan.com

*COUNSEL FOR*
*PURDUE RESEARCH FOUNDATION*