# EXHIBIT A

| | |
|---|---|
| **From:** | Mark Siegmund <mark@swclaw.com> |
| **Sent:** | Thursday, January 27, 2022 11:57 AM |
| **To:** | Regan Rundio |
| **Cc:** | Sostek, Bruce S (DAL - X61234); Cohen, Justin S (DAL - X61211); Wynne, Richard L (DAL - X61386); Bustamante, Bryan J (DAL - X61364); McKenney, Dina W (DAL - X61757); Max Ciccarelli; Michael Shore; Alfonso Chan; Raphael Chabaneix; Halima Shukri Ndai; Chiji Offor |
| **Subject:** | Purdue v. STMicroelectronics - 6:21-cv-00727-ADA - Discovery Dispute and Request for Hearing |
| **Attachments:** | 1 27 2022 - Purdue v ST - Affiliated Parties Dispute Chart Final.docx; Ex A - Notices of Subpoena and Subpoenas to PRF Dr Cooper Dr Saha.pdf; Ex B - Motions to Compel.pdf; Ex C.pdf; Ex D.pdf |

Dear Regan,

Purdue submits the attached dispute chart concerning several subpoenas sent to Purdue faculty and the Purdue Research Foundation. Under the Court's discovery dispute procedure, Purdue provided its position on Thursday, January 20th. ST's response was due on Tuesday, January 25th. We repeatedly reminded ST to provide its position, gave ST an extra day to respond, but it did not. In short, I apologize for sending an email without ST's insertion, but Purdue is out of options at this point with deadlines looming on subpoenas and motions to compel ST is pursuing in Indiana and refusing to abate.

Sincerely,
Mark



**MARK SIEGMUND**
SENIOR ASSOCIATE

STECKLER WAYNE COCHRAN CHERRY, PLLC
8416 OLD MCGREGOR ROAD
WACO, TEXAS 76712
254.651.3690
972.387.4041 (fax)
www.swclaw.com

*The Trustees of Purdue University v. STMicroelectronics N.V., et al*.: **Joint Dispute Chart**

**Plaintiff's Position**: Defendants seek discovery from witnesses closely affiliated with and under Purdue's control before *Markman*. That approach is contrary to the spirit of the Court's Order Governing Proceedings (OGP), which abates party discovery until after *Markman*.

### Purdue Research Foundation (PRF)

PRF's mission is to protect/manage Purdue's IP and manage Purdue's research endowment. PRF guides Purdue faculty through patent prosecution, acts as Purdue's licensing agent and enforces Purdue's patents.[1]

### Professor James A. Cooper and Dr. Asmita Saha

Professor Cooper is a faculty member and lead inventor of the patents-in-suit. Co-inventor, Dr. Asmita Saha[2], is Dr. Cooper's former Ph.D. student. Dkt. 27, ¶¶ 74-77. Both have provided Purdue access to all documents they possess concerning the patents. Both will receive a share of any licensing/enforcement proceeds from PRF's enforcement.

The discovery at issue seeks information Defendants could obtain from Purdue.[3] It invades the attorney-client-privilege, work-product-doctrine, and consulting-expert exemptions. To object/respond will require hundreds of hours, all during *Markman* briefing. All responsive, non-objectionable material is available from Purdue, but this level of discovery should wait until after *Markman* – or, if allowed, be mutual.

No immediate need for the discovery has been demonstrated, or even alleged. Despite the lack of any immediate need, Defendants have already filed motions to compel in the Southern District of Indiana. *See* Ex. B. They refused to postpone briefing on those motions until this Court determines whether the subpoena recipients are "third parties" as contemplated by the OGP. The motions to compel, if granted, would obviate any need for Defendants to seek *any* discovery from Purdue.

The 100+ document requests and motions to compel attempt to transfer the role of supervising discovery to a court unfamiliar with this Court's procedures or practices on a rushed basis. Not only are Defendants asking the court in Indiana to take control of the discovery in this case by ordering ESI discovery not allowed by the Court's OGP, they seek sanctions in the form of attorneys' fees.

Despite repeated requests, Defendants have repeatedly refused to provide their side of this dispute chart. It was due on Tuesday, February 25, 2022. *See* Ex. C and Ex. D.

---

[1] https://prf.org/about/index.html; https://www.prf.org/otc/resources/ip%20policies.html.

[2] Dr. Saha is trapped in India due to COVID travel restrictions, but ST-INC has refused to agree to abate her response date to the subpoena until her return despite Purdue's counsel agreeing to accept service on her behalf.

[3] The scope of the discovery at issue is self-evident. *See* Ex. A (subpoenas).

*The Trustees of Purdue University v. STMicroelectronics N.V., et al*.: **Joint Dispute Chart**

**Plaintiff's Requested Relief**: The Court should find that PRF and the inventors are for the purposes of discovery to be treated as part of, or in privity with Purdue. Alternatively, if the Court allows discovery to PRF and the inventors, the Court should open discovery entirely.